Filed 7/20/26  P. v. Edwards CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>ANTHONY RAY EDWARDS,<br><br>    Defendant and Appellant. | F090798<br><br>(Super. Ct. No. CF98904475)<br><br>**OPINION** |

-ooOoo-

### THE COURT*

APPEAL from an order of the Superior Court of Fresno County.  Stephanie L. Negin, Judge.

Anthony Ray Edwards, in pro. per.; and William D. Farber, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

_____

\* Before Detjen, Acting P. J., Snauffer, J. and DeSantos, J.

Defendant Anthony Ray Edwards appeals the summary denial of his petition for resentencing under Penal Code section 1170.18, subdivision (f).[1] His court-appointed counsel filed a brief pursuant to *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*), setting forth the facts of the case, advising he found no viable issues, and asking this court to conduct an independent review. Defendant was given an opportunity to file a supplemental brief and requested we address several issues. Exercising our discretion under *Delgadillo*, we have examined the record and the contentions raised in defendant's letter brief and find no arguable issues. We therefore affirm.

## PROCEDURAL BACKGROUND

The District Attorney of Fresno County filed a complaint on March 31, 1998, charging defendant with second degree robbery (§§ 211, 212.5, subd. (c)) and alleging that he took personal property from a victim by means of force and fear. The probation report recounted the facts from the police report that provided the factual basis for defendant's plea. Defendant entered a retail store, removed five bottles of Alka-Seltzer Plus from the shelf, and left the store without paying. When a security officer followed defendant outside the store, defendant attempted to run, and the officer grabbed defendant by the waist. Defendant resisted by flailing his arms from side to side, breaking (or badly spraining) the officer's finger, and kicking another employee who attempted to assist.

Defendant pleaded no contest on April 14, 1998, as part of an agreement with the prosecution to receive no prison sentence. Defendant executed a declaration in which he acknowledged his awareness of the charges, his desire to plead no contest, his attorney's explanation of the nature of the charges and possible defenses, receipt of advice as to his constitutional rights and understanding of those rights, and that his decision to plead no contest was voluntary and not coerced. Defendant's declaration also set forth the six-year maximum term and other penalties as a result of his plea.

---

[1] Undesignated statutory references are to the Penal Code.

In response to questioning by the trial court, defendant acknowledged that he understood the change of plea form and knew the consequences of his no contest plea would be the same as if he had pleaded guilty. Defendant agreed the police report supported the factual basis for the plea. The court accepted defendant's plea of no contest to the offense. The trial court suspended imposition of judgment on March 19, 1999, and placed defendant on a three-year term of probation conditioned upon serving 365 days in county jail.

On October 8, 2025, defendant filed a form petition seeking to be resentenced pursuant to section 1170.18, subdivision (f). Defendant alleged that he had "completed his/her sentence and [was] eligible to have the felony count(s) designated as a misdemeanor(s)" and checked a box to indicate that he did not request a hearing. The court denied the petition the following day.

Defendant filed this timely appeal on November 24, 2025. Appellate counsel filed a brief advising he found no arguable issues and asked us to follow the procedures set forth in *Delgadillo, supra*, 14 Cal.5th 216.

## DISCUSSION

After defendant's appointed counsel filed a brief under the authority of *Delgadillo, supra*, 14 Cal.5th 216, defendant filed a supplemental brief. Defendant advises that he was convicted of burglary (§ 459) and the instant conviction was alleged as a second strike. He argues that the robbery conviction in this case was not supported by the facts, he could not be charged with a more serious crime when the instant offense involved shoplifting, and he should be able to withdraw his plea based upon changes in the law that are now available to him pursuant to section 1170.18.

"In November 2014, voters approved Proposition 47, the Safe Neighborhoods and Schools Act. [Citation.] Proposition 47 'reduced the punishment for certain theft- and drug-related offenses, making them punishable as misdemeanors rather than felonies.' [Citation.] Under Proposition 47, grand theft of property valued at $950 or less is a

3.

misdemeanor if the defendant does not have a specified prior conviction. [Citation.] Proposition 47 also added section 1170.18, which permits a defendant to petition to have his or her felony conviction resentenced to or redesignated as a misdemeanor." (*People v. Bear* (2018) 25 Cal.App.5th 490, 495.)

The offenses that may be reclassified as misdemeanors include the following: shoplifting of property worth $950 or less (§ 459.5, subd. (a)); forgery of instruments worth $950 or less (§ 473, subd. (b)); fraud involving financial instruments worth $950 or less (§ 476a, subd. (b)); theft of, or receiving, property worth $950 or less (§§ 490.2, subd. (a), 496, subd. (a)); petty theft with a prior theft-related conviction (§ 666, subd. (a)); and possession of a controlled substance (Health & Saf. Code, §§ 11350, subd. (a), 11377, subd. (a)). (See *People v. DeHoyos* (2018) 4 Cal.5th 594, 597–598; see also *People v. Valencia* (2017) 3 Cal.5th 347, 355.)

Section 1170.18 does not include section 211 or 212.5 as an offense subject to reduction or redesignation pursuant to Proposition 47. (§ 1170.18, subds. (a), (f).) Nor would defendant have been guilty of a misdemeanor had Proposition 47 been in effect at the time of his offense.

Here, defendant was convicted of robbery, a violation of section 211. Robbery is defined as "the felonious taking of personal property in the possession of another, from his person or immediate presence, and against his will, accomplished by means of force or fear." (§ 211.) Robbery is not mere theft but is accomplished by "means of force or fear." (*Ibid.*) "It is the use of force or fear which distinguishes robbery from grand theft [or petty theft] from the person." (*People v. Mungia* (1991) 234 Cal.App.3d 1703, 1707.) Robbery is, and always has been, a felony (§ 213, subd. (a)) and is not one of the crimes reduced to a misdemeanor by Proposition 47. (§1170.18, subd. (a).) Nor does the court's initial suspension of imposition of the sentence after defendant's conviction transmute the robbery into mere theft or into a misdemeanor. Defendant—who was convicted of robbery—is simply not statutorily eligible for relief under section 1170.18.

Proposition 47 also added section 459.5 to the Penal Code—the misdemeanor shoplifting provision that defendant argues applies to his case.  That section provides: "Notwithstanding Section 459 [burglary], shoplifting is defined as entering a commercial establishment with intent to commit larceny while that establishment is open during regular business hours, where the value of the property that is taken or intended to be taken does not exceed nine hundred fifty dollars ($950).  Any other entry into a commercial establishment with intent to commit larceny is burglary." (§ 459.5, subd. (a).)  Section 459.5 also contains a charging limitation.  It directs that "[a]ny act of shoplifting as defined in subdivision (a) shall be charged as shoplifting" and "[n]o person who is charged with shoplifting may also be charged with burglary or theft of the same property." (§ 459.5, subd. (b).)

Defendant argues he would have been guilty of shoplifting had Proposition 47 been in effect when he committed the robbery because he entered the store with an intent to steal property worth less than $950.  We are unpersuaded because defendant used force against security personnel during his attempt to take the property and before the robbery was complete.  This is fatal to defendant's petition because Proposition 47 does not apply to violent felonies, like robbery. (See *People v. Romanowski* (2017) 2 Cal.5th 903, 907 [" 'One of Proposition 47's primary purposes is to reduce the number of nonviolent offenders in state prisons, thereby saving money and focusing prison on offenders considered more serious under the terms of the initiative' "], quoting *Harris v. Superior Court* (2016) 1 Cal.5th 984, 992; see also § 667.5, subd. (c)(9) [defining robbery as a violent felony].)  Though robbery includes theft, it requires the additional element of the use of force or fear, making the offense an aggravated theft, or a " 'theft-plus' " offense. (*People v. Soto* (2018) 23 Cal.App.5th 813, 822.)  As the court explained in *Soto*, Proposition 47 applies to nonviolent theft cases, not to violent or aggravated forms of theft—like robbery—which require additional elements beyond the elements that make up a theft. (*Soto*, at p. 822.)  "A robber might take property by larceny worth less than

5.

$950," but to construe a robbery as a theft offense affected by Proposition 47 "would thwart [the initiative's] objective to reduce sentences for *nonviolent* crimes while shifting spending toward *more serious* offenses." (*Soto*, at pp. 822–823.)

Defendant cites *People v. Mullins* (2018) 19 Cal.App.5th 594 in support of his petition, but that case does not apply to section 1170.18 and holds only that the identity theft statute does not preclude a robbery conviction because it is not a more specific statute. In fact, our Supreme Court has determined that Proposition 47 does not apply to identity theft (§ 530.5). (*People v. Jimenez* (2020) 9 Cal.5th 53, 59.) The court held that misuse of personal identifying information, despite its colloquial description, is "not a theft offense because criminal liability pivots on how the information was used rather than how it was acquired. The offense therefore evinces a concern with the panoply of harms occurring when personal information is no longer personal." (*Ibid.*) So too with robbery, which evinces a concern not just with the unwanted taking of property but also with the use of assaultive behavior.

With respect to defendant's challenge to the sufficiency of the evidence, his plea constitutes substantial evidence that he committed the offense to which he pled. (See *People v. McGuire* (1993) 14 Cal.App.4th 687, 697, fn. 12 [plea concedes all elements of offense, establishing sufficiency of the evidence of guilt]; *People v. Maultsby* (2012) 53 Cal.4th 296, 304, fn. 6.) Moreover, defendant forfeited any challenge to the plea by failing to file a motion to withdraw it and/or appeal from the judgment. (*People v. Turner* (2002) 96 Cal.App.4th 1409, 1412–1413.) Furthermore, section 1170.18 does not afford defendant a new opportunity to attack the sufficiency of the evidence. (See *People v. Farfan* (2021) 71 Cal.App.5th 942, 947.)

As such, defendant is ineligible for relief under section 1170.18, and the trial court properly denied his petition. Further, in exercising our discretion under *Delgadillo* to review the entire record in this case, we have found no arguable appellate issues.

**DISPOSITION**

The postjudgment order denying defendant's petition for resentencing is affirmed.